## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**TERRELL JAMES SUGGS**                           **CIVIL ACTION**

**VERSUS**                                        **NO.  14-1511**

**STATE OF LOUISIANA**                            **SECTION  "R"(4)**


## REPORT AND RECOMMENDATION

This matter was referred to a United States Magistrate Judge to conduct hearings, including an evidentiary hearing if necessary, and to submit proposed findings and recommendations pursuant to **28 U.S.C. § 636(b)(1)(B) and (C)**, and as applicable, **Rule 8(b) of the Rules Governing Section 2254 Cases**.  Upon review of the entire record, the Court has determined that this matter can be disposed of without an evidentiary hearing.  *See* 28 U.S.C. § 2254(e)(2) (2006).[1]

## I.      Factual Background

The petitioner, Terrell James Suggs ("Suggs") is a convicted inmate incarcerated in the Avoyelles Correctional Center in Cottonport, Louisiana.[2]  On December 2, 2008, Suggs was charged by Bill of Information in Jefferson Parish with second offense possession of marijuana.[3]  Suggs entered a plea of not guilty to the charge on December 16, 2008.[4]

---

[1]Under 28 U.S.C. § 2254(e)(2), an evidentiary hearing is held only when the petitioner shows that either the claim relies on a new, retroactive rule of constitutional law that was previously unavailable or a factual basis that could not have been previously discovered by the exercise of due diligence and the facts underlying the claim show by clear and convincing evidence that, but for the constitutional error, no reasonable jury would have convicted the petitioner.

[2]Rec. Doc. No. 3.

[3]St. Rec. Vol. 1 of 4, Bill of Information, 12/2/08.

[4]St. Rec. Vol. 1 of 4, Minute Entry, 12/16/08.

The record reflects that, on or about December 2, 2008, Jefferson Parish Deputy Duston Ducote stopped a car driven by Suggs for reckless driving and speeding.[5]  The Deputy paced the car at fifty (50) miles per hour in a twenty (20) miles per hour speed zone in a residential area with a park and children in close proximity.  Suggs began fidgeting in the center console, which made Deputy Ducote nervous because traffic stops are high risk.  Concerned for his safety, Deputy Ducote directed Suggs to step out of his car and place his hands on the trunk.  Suggs initially complied, but repeatedly moved his hands to reach into his pockets.  Deputy Ducote perceived his continual removal of his hands from the trunk a safety issue because Suggs would not comply with his repeated instructions to remove his hands from his pockets and keep them on the trunk.  Because of this, Deputy Ducote placed Suggs in handcuffs.

Deputy Ducote then conducted a pat-down search of Suggs to look for weapons.  During the search, he felt a slender object and a bag in defendant's front right pocket.  Deputy Ducote asked Suggs what was in his pocket and Suggs said he did not know.  Deputy Ducote then reached into Suggs's pocket and removed a box cutter. As Deputy Ducote was pulling the box cutter out of Suggs's pocket, a bag of green vegetable matter also came out into Deputy Ducote's hand.  Suggs immediately said, "I don't know what that is.  Do you want it?  You can throw it away."  Deputy Ducote then advised Suggs's that he was being arrested and read him his *Miranda* rights.  The contents of the bag field tested positive for marijuana, which later was confirmed by laboratory

_____

[5]The facts were taken from the published opinion of the Louisiana Fifth Circuit Court of Appeal on appeal. *State v. Suggs*, 70 So.3d 60, 62-64 (La. App. 5th Cir. 2011); St. Rec. Vol. 3 of 4, 5th Cir. Opinion, 10-KA-599, pp. 3-8, 5/31/11.

analysis.  Because Suggs had a prior 2002 conviction for possession of marijuana, he was charged with second offense possession of marijuana.

Suggs was tried before a jury on January 4, 2010, and was found guilty as charged.[6]  The Trial Court sentenced Suggs on January 14, 2010, to serve ten (10) years in prison at hard labor.[7]  After waiver of legal delays, the Trial Court thereafter adjudicated Suggs to be a third felony offender as charged in the State's multiple bill.[8]  The Trial Court vacated the prior sentence and resentenced Suggs as a multiple offender to serve ten (10) years in prison at hard labor without benefit of parole, probation, or suspension of sentence.[9]

On direct appeal to the Louisiana Fifth Circuit Court of Appeal, Suggs's counsel argued that the sentence imposed was illegal and excessive on four grounds:[10] (1) he was not arraigned on the multiple bill or given the fifteen days to object to the bill; (2) the State's evidence was insufficient to prove the prior convictions; (3) the Trial Court failed to give written reasons for the adjudication and sentence; and (4) the sentence was excessive.  Suggs submitted *pro se* a supplemental brief asserting four grounds for relief:[11] (1) the Bill of Information was contrary to La. Code Crim. P. art.

---

[6]St. Rec. Vol. 1 of 4, Trial Minutes, 1/4/10; Jury Verdict, 1/4/10; Trial Transcript, 1/4/10.

[7]St. Rec. Vol. 1 of 4, Sentencing Minutes, 1/14/10; Sentencing Transcript, 1/14/10.

[8]St. Rec. Vol. 1 of 4, Sentencing Minutes, 1/14/10; Sentencing Transcript, 1/14/10; Multiple Bill, stamped 1/20/10.

[9]St. Rec. Vol. 1 of 4, Sentencing Minutes, 1/14/10; Sentencing Transcript, 1/14/10.

[10]St. Rec. Vol. 1 of 4, Appeal Brief, 2010-KA-0599, 7/21/10.

[11]St. Rec. Vol. 1 of 4, *Pro Se* Supplemental Brief, 2010-KA-0599, 9/14/10; 5th Cir. Order, 10-KA-599, 8/24/10.

483; (2) he was exposed to an unreasonable search and seizure; (3) his arrest was unlawful; and (4) he was denied his rights to equal protection and due process and against discrimination.

On May 31, 2011, the Louisiana Fifth Circuit affirmed the conviction and ordered the Trial Court to correct certain sentencing errors.[12]  The Circuit Court determined that the first counsel-filed error and the first *pro se* error were waived for lack of a contemporaneous objection.  The Circuit Court found the remaining errors to be without merit, with the exception of the excessive sentence claim.  In that regard, the Circuit Court determined that the issue was pretermitted by its finding that the Trial Court's sentence was for an indeterminate period.  The Circuit Court found that the underlying sentence was shown on the commitment to be for a ten (10) year sentence while the transcript indicated a five year sentence.  In addition, the transcript was not clear as to whether the multiple offender sentence was to be served with or without hard labor.  The Circuit Court therefore affirmed the conviction and remanded the matter for correction of the commitment and resentencing on the multiple bill.

On June 16, 2011, the Trial Court nunc pro tunc corrected its commitment order to reflect that Suggs was to serve five (5) years in prison from that date on the underlying conviction for second offense possession of marijuana.[13]  After waiver of legal delays, Suggs entered a plea of guilty to the multiple bill.  The Trial Court vacated that sentence and resentenced Suggs as a third felony offender to serve ten (10) years in prison at hard labor from that date without benefit of parole, probation, or suspension of sentence.  Suggs did not seek direct review of this proceeding.

---

[12]*Suggs*, 70 So.3d at 60; St. Rec. Vol. 3 of 4, 5th Cir. Opinion, 10-KA-599, 5/31/11.

[13]St. Rec. Vol. 3 of 4, Nunc Pro Tunc Commitment Order, 6/16/11.

Instead, on June 22, 2011, Suggs submitted a writ application to the Louisiana Supreme Court seeking review of the appellate court's ruling.[14]  The Supreme Court denied the application without stated reasons on December 16, 2011.[15]

Suggs's conviction and sentence became final ninety (90) days later, on March 15, 2012, because he did not file a writ application with the United States Supreme Court. *Ott v. Johnson*, 192 F.3d 510, 513 (5th Cir. 1999) (period for filing for certiorari with the United States Supreme Court is considered in the finality determination under 28 U.S.C. § 2244(d)(1)(A)); U.S. S. Ct. Rule 13(1).

While this review was pending, on July 21, 2011, Suggs submitted an application for post-conviction relief to the Trial Court asserting three grounds for relief:[16] (1) he was denied effective assistance of counsel throughout pretrial motions; (2) the Trial Court imposed an illegal and excessive sentence; and (3) the Bill of Information failed to provide sufficient information pertaining to the prior possession offense.  After receiving a response from the State, the Trial Court denied relief on September 22, 2011, finding the application to be procedurally improper and premature in light of the pending post-appeal writ application in the Louisiana Supreme Court.[17]

On February 9, 2012, almost two months after the Louisiana Supreme Court denied his writ application, Suggs submitted another application for post-conviction relief to the Trial Court raising

---

[14]St. Rec. Vol. 4 of 4, La. S. Ct. Writ Application, 11-KO-1366, 7/28/11 (dated 6/22/11); La. S. Ct. Letter, 2011-KO-1366, 6/28/11.

[15]*State v. Suggs*, 76 So.3d 1199 (La. 2011); St. Rec. Vol. 4 of 4, La. S. Ct. Order, 2011-KO-1366, 12/16/11.

[16]St. Rec. Vol. 3 of 4, Uniform Application for Post-Conviction Relief, 7/25/11 (dated 7/21/11).  Suggs filed a duplicate copy of this application on September 2, 2011.  St. Rec. Vol. 2 of 4, Uniform Application for Post-Conviction Relief, 9/2/11 (dated 7/21/11).

[17]St. Rec. Vol. 2 of 4, Trial Court Order, 9/22/11; State's Response, 9/6/11.

the same three post-conviction claims.[18]   After receiving an opposition response from the State, the

Trial Court denied the application finding no merit to his ineffective assistance of counsel claim

under *Strickland v. Washington*, 466 U.S. 668 (1984) and related state law.[19]   The Trial Court found

the excessive sentence claim was procedurally barred from review pursuant to La. Code Crim. P.

art. 930.3 and *State ex rel. Melinie v. State*, 665 So.2d 1172 (La. 1996).[20]   The Trial Court also found

the third claim challenging the Bill of Information to be barred from review under La. Code Crim.

P. art. 930.4(C) because it was litigated on direct appeal.

In a letter addressed to the Trial Court on May 10, 2012, Suggs complained that the district

attorney was misleading the court in its' opposition memorandum.[21]   On review of the letter, the

Trial Court found no reason to change its ruling and relief was denied on June 14, 2012.[22]

On August 13, 2012, Suggs submitted a notice of intent to seek review of the Trial Court's

May 11, 2012, ruling.[23]   On August 24, 2012, the Trial Court declined to set a return date finding

the request to be untimely.[24]

---

[18]St. Rec. Vol. 2 of 4, Application for Post-Conviction Relief, 2/14/12 (dated 2/9/12).

[19]St. Rec. Vol. 2 of 4, Trial Court Order, 5/11/12; State's Response, 4/18/12; Trial Court Order, 3/20/12.

[20]La. Code Crim. P. art. 930.3 sets forth the grounds on which post-conviction relief can be granted.  In *State ex rel. Melinie*, the Louisiana Supreme Court, relying on La. Code Crim. P. art. 930.3, ruled that claims of excessive sentence or errors in sentencing which should be raised on direct appeal were not proper grounds for post-conviction relief.  The state courts extended that rule in *State v. Hebreard*, 708 So.2d 1291 (La. App. 4th Cir. 1998) for challenges to multiple bill proceedings.

[21]St. Rec. Vol. 2 of 4, Letter to Court, 5/10/12.

[22]St. Rec. Vol. 2 of 4, Trial Court Order, 6/14/12.

[23]St. Rec. Vol. 2 of 4, Notice of Intent, 8/13/12.

[24]St. Rec. Vol. 2 of 4, Trial Court Order, 8/24/12.

The Louisiana Fifth Circuit also denied Suggs's related writ application on November 8, 2012, as untimely filed outside of the thirty (30) period for seeking review of the Trial Court's order.[25]   The Louisiana Supreme Court also denied Suggs's subsequent writ application without stated reasons on April 26, 2013.[26]

## II.   Federal Habeas Petition

On July 17, 2014, the Clerk of this Court filed Suggs's petition for federal habeas corpus relief in which he raised five grounds for relief:[27] (1) he received ineffective assistance of counsel; (2) his arrest was unlawful where there was no probable cause for the search; (3) his arrest was unlawful based on the improper search and seizure; (4) his sentence is excessive; and (5) insufficient evidence to support the multiple bill.  The State filed a response in opposition to the petition arguing it was not timely filed, and alternatively, Suggs failed to properly exhaust state court remedies as to each of his claims.[28]

---

[25]St. Rec. Vol. 4 of 4, 5th Cir. Order, 12-KH-778, 11/8/12; 5th Cir. Writ Application, 12-KH-778, 10/12/12 (dated 10/11/12).

[26]*State ex rel. Suggs v. State*, 112 So.3d 842 (La. 2013); St. Rec. Vol. 4 of 4, La. S. Ct. Order, 2012-KH-2638, 4/26/13; La. S. Ct. Writ Applicaiton, 12-KH-2638, hand delivered and filed 12/7/12 (dated 12/6/12); La. S. Ct. Letter, 2012-KH-2638, 12/7/12.

[27]Rec. Doc. No. 5.

[28]Rec. Doc. No. 16.

### III.     General Standards of Review

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214,[29] applies to this petition, which is deemed filed in this Court by Suggs under the federal mailbox rule on June 23, 2014.[30]  The threshold questions on habeas review under the amended statute are whether the petition is timely and whether the claim raised by the petitioner was adjudicated on the merits in state court; *i.e.*, the petitioner must have exhausted state court remedies and the claims must not be in "procedural default."  *Nobles v. Johnson*, 127 F.3d 409, 419-20 (5th Cir. 1997) (citing 28 U.S.C. § 2254(b), (c)).

In addition to failure to exhaust all claims, the State urges and the record demonstrates that Suggs's petition should be dismissed as untimely filed.  Before addressing timeliness, however, the Court must consider whether it has jurisdiction to consider Suggs's petition.

### IV.     Jurisdiction over a Second or Successive Federal Petition

28 U.S.C. §§ 2244(b)(1) and (2) provide for the dismissal of any new or previously raised claim presented in a second or successive § 2254 habeas corpus petition.  Like other circuits, the United States Fifth Circuit Court of Appeals has recognized that the AEDPA did not define the

---

[29]The AEDPA comprehensively revised federal habeas corpus legislation, including 28 U.S.C. § 2254, and applied to habeas petitions filed after its effective date, April 24, 1996.  *Flanagan v. Johnson*, 154 F.3d 196, 198 (5th Cir. 1998) (citing *Lindh v. Murphy*, 521 U.S. 320 (1997)).  The AEDPA, signed into law on that date, does not specify an effective date for its non-capital habeas corpus amendments.  Absent legislative intent to the contrary, statutes become effective at the moment they are signed into law.  *United States v. Sherrod*, 964 F.2d 1501, 1505 n.11 (5th Cir. 1992).

[30]The Fifth Circuit has recognized that a "mailbox rule" applies to pleadings, including habeas corpus petitions filed after the effective date of the AEDPA, submitted to federal courts by prisoners acting pro se.  Under this rule, the date when prison officials receive the pleading from the inmate for delivery to the court is considered the time of filing for limitations purposes. *Coleman v. Johnson*, 184 F.3d 398, 401 (5th Cir. 1999); *Spotville v. Cain*, 149 F.3d 374, 378 (5th Cir. 1998); *Cooper v. Brookshire*, 70 F.3d 377, 379 (5th Cir. 1995). The clerk of court filed Suggs's federal habeas petition on July 17, 2014, after delayed correction of certain deficiencies and the granting of pauper status.  Suggs dated his signature on the original submission on June 23, 2014.  This is the earliest date appearing in the record on which he could have delivered his pleadings to prison officials for mailing to the Court.

phrase "second or successive" found in § 2244.  For guidance, the United States Fifth Circuit has

turned to pre-AEDPA law defining those same terms under Rule 9(b) of the Rules Governing

Section 2254 Cases:

> Section 2244(b) does not define "second or successive" petition.  The specific language in the Act is derived from Rule 9(b), Rules Governing Section 2254 Cases, 28 U.S.C. foll. § 2254, which states that "[a] second or successive petition may be dismissed if . . . it fails to allege a new or different grounds for relief and the prior determination was on the merits or, if new and different grounds are alleged, . . . the failure of the petitioner to assert those grounds in a prior petition constituted an abuse of the writ."   Although the AEDPA's amendment to § 2244 imposes stricter requirements for "second or successive" petitions than the pre-AEDPA "abuse of the writ" standard in Rule 9(b), <u>nothing in the AEDPA affects the determination of what constitutes a "second or successive" petition.</u>

*In re Gasery*, 116 F.3d 1051 (5th Cir. 1997) (emphasis added) (citation omitted).

The Fifth Circuit has made clear that under the AEDPA "a prisoner's application is not

second or successive simply because it follows an earlier federal petition." *In re Cain*, 137 F.3d 234,

235 (5th Cir. 1998).  Instead, the Fifth Circuit has consistently held that an adjudication on the

merits is necessary before a subsequent petition is considered "second or successive."  *Graham v.*

*Johnson*, 168 F.3d 762 (5th Cir. 1999) ("Under current law, however, it is clear that an application

filed after a previous application was <u>fully adjudicated on the merits</u> is a second or successive

application within the meaning of 28 U.S.C. § 2244(b), even if it contains claims never before

raised." (emphasis added)), *cert. denied*, 529 U.S. 1097 (2000); *accord Barrientes v. Johnson*, 221

F.3d 741 (5th Cir. 2000) (citing *Slack v. McDaniel*, 529 U.S. 473 (2000) (subsequent filing not

successive when prior filing was dismissed without prejudice)) (when prior petition is dismissed

without prejudice, subsequent filing is not successive), *cert. dism.*, 531 U.S. 1134 (2001).

Under this standard, the Fifth Circuit has held that a later-filed petition is prohibited when it: "1) raises a claim challenging the petitioner's conviction or sentence that was or could have been raised in an earlier petition; or 2) otherwise constitutes an abuse of the writ." *In re Cain*, 137 F.3d at 235. This provision has been described as a "modified *res judicata* rule" that bars claims ripe for disposition at the time the original petition was filed, but which were inexcusably not raised in that earlier petition. *United States v. Orozco-Ramirez*, 211 F.3d 862, 868-871 (5th Cir. 2000); *Graham*, 168 F.3d at 774 n.7 (citing *Felker v. Turpin*, 518 U.S. 651, 655-58, 662-63 (1996)). Such claims are deemed second or successive. *Id.* The Fifth Circuit suggested that the focus of the inquiry is on whether the petitioner received an adjudication on the merits of his claims in the prior petition.

In *In re Cain*, the Fifth Circuit contrasted permissible successive petitions with those in which prisoners "repeatedly [attack] the validity of their convictions and sentences." *In re Cain*, 137 F.3d at 235. "[T]hese repeated attacks, which often take on new forms as the legal landscape shifts, are the evil against which AEDPA is directed and the counterpoint to the rule laid out in *Cain*." *Leal Garcia v. Quarterman*, 573 F.3d 214, 221-222 (5th Cir. 2009) (citing *In re Cain*, 137 F.3d at 235, 236 n.1). A district court is bound to dismiss any "claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application." 28 U.S.C. § 2244(b)(1).

A review of this Court's records reflects that Suggs filed a prior petition under Civ. Action No. 14-1116"R"(4) challenging this same conviction and sentence under Jefferson Parish Case No. 08-6038. That proceeding is pending review of the District Judge after issuance of a Report and Recommendation by the undersigned Magistrate Judge that the petition in Civ. Action 14-

1116"R"(4) be dismissed with prejudice as time-barred under the AEDPA. Suggs is deemed to have filed the instant petition on June 23, 2014, which was after Civ. Action No. 14-1116"R"(4) was filed on May 11, 2014, under the applicable mailbox rule.[31]

Because of the timing of these events, the Court must consider whether the instant petition is prohibitive as successive, or an abuse of the writ, where Suggs's filed it when the District Court had not "fully adjudicated," *Graham*, 168 F.3d at 774 n.7, the petition in Civ. Action No. 14-1116"R"(4). Under prevailing Fifth Circuit precedent, this impacts the successive nature of Suggs's current petition.

The Fifth Circuit has always maintained a "strong policy against piecemealing claims" and, as noted above, has looked to pre-AEDPA "abuse of the writ" principles in determining whether a petition is successive. *Crone v. Cockrell*, 324 F.3d 833, 837 (5th Cir. 2003) (citing *In re Cain*, 137 F.3d at 235-36 ("[A] later petition is successive when it . . . constitutes an abuse of the writ.") and *James v. Walsh*, 308 F.3d 162, 167 (2d Cir. 2002) ("To interpret the term 'second or successive,' courts look to the pre-AEDPA abuse-of-the-writ doctrine.")). Under this doctrine, a subsequent petition is "second or successive" when it raises a claim that was, or could have been, raised in an earlier petition. *Crone*, 324 F.3d at 837 (citing *Walsh*, 308 F.3d at 167); *see also*, *Ochoa v. Sirmons*, 485 F.3d 538, 541 (10th Cir. 2007) ("The point is that § 2244(b) authorization is required whenever substantively new claims are raised. . ." (emphasis in original)). This is true even when "'the new claims were unexhausted when the earlier federal writ was prosecuted.'" (citations omitted) *Crone*, 324 F.3d at 837; *In re Jiminez*, 211 F. App'x 297, 298 (5th Cir. 2006).

---

[31]Civ. Action No. 14-1116"R"(4), Rec. Doc. No. 3.

The Fifth Circuit precedent cited above indicates that abuse of the writ is itself a factor in determining when a pleading is a prohibited second or successive petition under § 2244. *In re Cain*, 137 F.3d at 235-36 ("[A] later petition is successive when it . . . constitutes an abuse of the writ."); *see also*, *Ochoa*, 485 F.3d at 541 (discussing disguised efforts to circumvent § 2244(b) to file piecemeal litigation). The abuse of the writ doctrine, as defined by the Fifth Circuit, looks to whether a subsequent petition raises a claim that was, or could have been, raised in an earlier petition. *Crone*, 324 F.3d at 837. If so, it indicates that the petitioner is attempting to engage in multiple attacks on a conviction, thereby circumventing the gatekeeping provisions in place through § 2244 as amended by the AEDPA. *Id.*; *Propes v. Quarterman*, 573 F.3d 225, 229-30 (5th Cir. 2009). That is exactly what Suggs has done in this case.

The Fifth Circuit addressed a similar scenario arising from two habeas proceedings filed by the petitioner in *Mead v. Cain*, C. A. No. 03-3058"C"(4) and *Mead v. Cain*, C. A. No. 08-3173"C"(4), also in the Eastern District of Louisiana. As background, in 2003, Mead filed a § 2254 petition in No. 03-3058"C"(4), in which he raised six grounds for relief challenging his state conviction for possession of crack cocaine for which he was serving a life sentence as a third felony offender.[32] The District Court initially dismissed the matter as untimely under the AEDPA.[33]

---

[32] Civ. Action No. 03-3058"C"(4), Rec. Doc. Nos. 2, 32. Mead raised the following claims: (1) insufficient evidence; (2) excessive habitual offender sentence; (3) ineffective assistance of counsel for failure to inform him of a possible plea agreement until the morning of trial, failure to discuss the ramifications of the possible plea, and failure to make a recommendation regarding acceptance of the plea; (4) ineffective assistance of counsel for failure to challenge the predicate pleas and to require the State to prove that the prior pleas were knowingly and intelligently made; (5) the trial court erred in denying the defendant's motion for mistrial during voir dire; and (6) the trial court erred in denying the defendant's motion to recuse because of the trial judge's role in prior drug prosecution against the defendant.

[33] Civ. Action No. 03-3058"C"(4), Rec. Doc. Nos. 9, 14, 16, 17.

On appeal, the Fifth Circuit remanded the matter to the District Court for further findings related to the timeliness of certain state court pleadings used in the federal timeliness calculation or alternatively, for resolution of the merits of the claims.[34]   The District Court later dismissed the petition with prejudice, after addressing the substance of the claims.[35]   On August 22, 2011, the Fifth Circuit affirmed the judgment on appeal.   *Mead v. Cain*, No. 10-30964, 2011 WL 3667423, at *1 (5th Cir. Aug. 22, 2011).

In the meantime, however, while the 2003 petition still was before the District Court on remand, Mead filed another § 2254 application on June 27, 2008, raising a new claim of actual innocence which was not raised in the 2003 petition.[36]   The District Court dismissed the 2008 petition with prejudice as untimely filed under the AEDPA limitations provision.[37]

In addressing Mead's appeal in the 2008 case, the Fifth Circuit issued a *per curiam* opinion, making the following findings:

> If necessary, we must examine the basis of our jurisdiction sua sponte. *Mosley v. Cozby*, 813 F.2d 659, 660 (5th Cir. 1987).   Mead's second § 2254 application raised a claim of actual innocence that could have been raised in his earlier application; therefore, the second application was successive.   *See Crone v. Cockrell*, 324 F.3d 833, 836 (5th Cir. 2003).
>
> As a prisoner seeking to file a second or successive § 2254 application, Mead was required to apply for leave from this court.   28 U.S.C. § 2244(b)(3)(A).   His failure to do so rendered his second application unauthorized, thus depriving the district court of jurisdiction.   *See United States v. Key*, 205 F.3f 773, 774 (5th Cir.

---

[34]*Mead v. Cain*, 243 F. App'x 874, 876 (5th Cir. 2007).

[35]Civ. Action No. 03-3058"C"(4), Rec. Doc. Nos. 32, 34, 35; *Mead v. Cain*, No. 03-3058, 2010 WL 3488187, at *7 (E.D. La. Aug. 26, 2001); *Mead v. Cain*, No. 03-3058, 2009 WL 6825194, at *22 (E.D. La. Sep. 4, 2009).

[36]Civ. Action No. 08-3173"C"(4), Rec. Doc. Nos. 4, 10.

[37]Civ. Action No. 08-3173"C"(4), Rec. Doc. Nos. 18, 20, 21; *Mead v. Cain*, No. 08-3173, 2010 WL 3502801, at *1 (E.D. La. Aug. 26, 2010); *Mead v. Cain*, No. 08-3173, 2010 WL 3488219, at *16 (E.D. La. Apr. 21, 2010).

2000).  As such, we lack jurisdiction over his habeas appeal.  *See id.*, at 775.  The judgment of the district court is thus VACATED, and the appeal is DISMISSED for lack of jurisdiction.

*Mead v. Cain*, No. 10-30963, 2011 WL 3667419, at *1 (5th Cir. Aug. 22, 2011).

The Fifth Circuit thereby declared Mead's 2008 petition, which like Suggs's instant petition, was filed while the prior 2003 petition was pending review in the District Court with no "final adjudication," to have been a prohibited second or successive petition over which this District Court had no jurisdiction.  The same is true in the instant case.

As in *Mead*, despite the fact that Suggs's earlier filed habeas petition (Civ. Action No. 14-1116"R"(4)) was pending before this District Court, his current federal petition is an attempt to obtain review of the same conviction and sentence.  The Fifth Circuit's strong emphasis on avoiding piecemeal litigation underlies the approach to and application of the abuse of the writ doctrine as it did in *Mead*.  In this case, some of the current claims challenging his multiple bill proceedings inexplicably were not (and could have been) raised in his first petition.  The balance of his present claims were raised in the earlier petition, and clearly were known and available to Suggs when that petition was filed.  Suggs chose instead to file his second petition rather than move to incorporate any additional arguments and claims in his first petition.

His current petition therefore constitutes an abuse of the writ as defined by the Fifth Circuit and is a prohibited second or successive petition as defined under § 2244(b).  *See Crone*, 324 F.3d at 837; *In re Jiminez*, 211 F. App'x at 298.  The fact that his prior petition was pending here at the time of the filing of this petition does not preclude that resolve.  *See*, *Mead*, 2011 WL 3667419, at *1.

14

Before his latest petition may be considered by this Court, Suggs is required to obtain authorization to file this second or successive petition from the Fifth Circuit in accordance with 28 U.S.C. § 2244(b)(3)(A), which provides in part: "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."  Suggs has not sought or obtained this authorization.  Until such time as he obtains the authorization, this Court is without jurisdiction to proceed.  *Mead*, 2011 WL 3667419, at *1 (citing *Crone*, 324 F.3d at 836 and *United States v. Key*, 205 F.3d 773, 774 (5th Cir. 2000)).  The petition should be dismissed for that reason.

In the interest of justice, a district court may transfer a petition under 28 U.S.C. § 1631 to resolve its jurisdiction.  In *In re Epps*, 127 F.3d 364 (5th Cir. 1997), the Fifth Circuit adopted a specific procedure to be employed when a successive habeas petition is transferred from a district court under § 1631 for consideration as a request for authorization and to cure the jurisdictional question.  The holding in *In re Epps* implies that the transfer of successive habeas corpus petitions to the Fifth Circuit for consideration under § 2244 is proper, although the recommendation in this case is dismissal.

**V.    Statute of Limitations**

In the alternative, should it be determined that this Court has jurisdiction or the matter is authorized to proceed, Suggs's petition can be dismissed as untimely filed under the AEDPA.

The AEDPA requires a petitioner to bring his § 2254 claim within one year of the date his conviction became final.[38] *Duncan v. Walker*, 533 U.S. 167, 176-80 (2001).  As calculated above, Suggs's conviction was final on March 15, 2012, which was ninety (90) days after the Louisiana Supreme Court denied his post-appeal writ application.  Pursuant to § 2244, Suggs had one year from that date, or until March 15, 2013, to file a timely federal application for habeas corpus relief which he did not do.  Thus, literal application of the statute would bar Suggs's § 2254 petition as of that date unless he is entitled to tolling as provided for under the AEDPA.

## A.   <u>Statutory Tolling</u>

Section 2244(d)(2) provides that the time during which a properly filed application for state post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation.  *See* 28 U.S.C. § 2244(d)(2).  In order for a state post-conviction application to be considered "properly filed" within the meaning of § 2244(d)(2), the applicant must have complied with all of the State's procedural requirements, such

---

[38]The statute of limitations provision of the AEDPA provides for other triggers which do not apply here:
(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of--

A.    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

B.    the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State actions;

C.    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

D.    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.  28 U.S.C. § 2244(d).

as timeliness and place of filing.  *Pace v. DiGuglielmo*, 544 U.S. 408, 413-14 (2005); *Williams v. Cain*, 217 F.3d 303, 306-08 & n.4 (5th Cir. 2000) (quoting *Smith v. Ward*, 209 F.3d 383, 384-85 (5th Cir. 2000)); *Villegas v. Johnson*, 184 F.3d 467, 468-69 (5th Cir. 1999), *reh'g denied*, 196 F.3d 1259 (5th Cir. 1999) (Table).  For purposes of the AEDPA, a timeliness calculation in Louisiana requires the application of the prison mailbox rule to state pleadings.  *Causey v. Cain*, 450 F.3d 601, 604-05 (5th Cir. 2006).  The Court has applied this rule in presenting the procedural history recited above.

A matter is "pending" for § 2244(d)(2) purposes "as long as the ordinary state collateral review process is 'in continuance.'"  *Carey v. Saffold*, 536 U.S. 214, 219-20 (2002); *Williams*, 217 F.3d at 310 (quoting *Bennett v. Artuz*, 199 F.3d 116, 120 (2d Cir. 1999), *aff'd*, 531 U.S. 4 (2000)) (finding that a matter is "pending" for Section 2244(d)(2) purposes until further appellate review is unavailable under Louisiana's procedures.'"); *see also Melancon v. Kaylo*, 259 F.3d 401, 405 (5th Cir. 2001).

The phrase "other collateral review" in the statute refers to state court proceedings challenging the pertinent judgment subsequently challenged in the federal habeas petition. *Dillworth v. Johnson*, 215 F.3d 497, 501 (5th Cir. 2000) (finding that a state habeas petition challenging a prior conviction in one county was other collateral review even though filed as a challenge to a second conviction in a different county); *Nara v. Frank*, 264 F.3d 310, 316 (3d Cir. 2001), *overruled on other grounds by Carey*, 536 U.S. 214 (finding that a motion to withdraw a guilty plea is "other collateral review").  A "pertinent judgment or claim" requires that the state filings for which tolling is sought must have challenged the same conviction being challenged in the federal habeas corpus petition and must have addressed the same substantive claims now being

17

raised in the federal habeas corpus petition.  *Godfrey v. Dretke*, 396 F.3d 681, 687-88 (5th Cir. 2005).

In the instant case, Suggs had an application for post-conviction relief pending in the state trial court when his conviction became final on March 15, 2012.  This tolled the start of the AEDPA filing period during its pendency.  The state trial court denied the application on May 11, 2012, and the state courts determined that Suggs's subsequent filings did not seek timely review by June 11, 2012, which was the thirty-day period he had to seek review under La. App. R. 4-3.[39]  It is well settled that "[w]hen a postconviction petition is untimely under state law, 'that [is] the end of the matter' for purposes of § 2244(d)(2)." *Pace v. DiGuglielmo*, 544 U.S. 408, 414 (2005) (citing *Carey v. Saffold*, 536 U.S. 214, 226 (2002).  Suggs receives no tolling benefit for the filing of that untimely Louisiana Fifth Circuit writ application.

As a result, the AEDPA filing period began to run on June 12, 2012 and did so for at least 178 days, or until December 7, 2012, when Suggs had his writ application hand-delivered for filing with the Louisiana Supreme Court.  The Court recognizes that the State's argument that the Louisiana Supreme Court's one-word denial could be read to reflect that it too was denied as seeking untimely review under the doctrine set forth in *Ylst v. Nunnemaker*, 501 U.S. 797, 803 (1991).[40]  However, because the Louisiana Supreme Court itself was filed within thirty days of the appellate court's ruling as required under La. S. Ct. R. X§5, the Court will include a tolling period out of abundance of caution.

---

[39] St. Rec. Vol. 4 of 4, 5th Cir. Order, 12-KH-778, 11/8/12.

[40] *See* Rec. Doc. No. 10, pp. 12-13.

In doing so, the AEDPA filing period would be tolled from December 7, 2012, through April 26, 2013, when the Louisiana Supreme Court denied the writ application.  The AEDPA filing period began to run the next day, on April 27, 2013, and did so uninterrupted for the remaining 187 days, or until October 31, 2013, when it expired.  Suggs had no properly filed state application for post-conviction or other collateral review pending during that time.  For these reasons, Suggs's federal petition deemed filed on June 23, 2014, was not timely filed in this Court under the AEDPA.

**B.    <u>No Equitable Tolling</u>**

The post-AEDPA jurisprudence also provides for equitable tolling where rare or extraordinary circumstances may have prevented a diligent petitioner from timely pursuing federal habeas corpus.  *Pace*, 544 U.S. at 418; *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999), *cert. denied*, 531 U.S. 1164 (2001); *Cantu-Tzin v. Johnson*, 162 F.3d 295, 299 (5th Cir. 1998); *Davis v. Johnson*, 158 F.3d 806, 810-11 (5th Cir. 1998), *cert. denied*, 526 U.S. 1074 (1999).  Equitable tolling is warranted <u>only</u> in situations where the petitioner was actively misled or is prevented in some extraordinary way from asserting his rights.  *Pace*, 544 U.S. at 418-19; *see Cousin v. Lensing*, 310 F.3d 843, 848 (5th Cir. 2002).

Equitable tolling has only been extended under extraordinary circumstances outside the control of the petitioner.  *See Holland v. Florida*, 560 U.S. 631, 652-53 (2010) (finding that equitable tolling was warranted where attorney was more than negligent when he failed to satisfy professional standards of care by ignoring the client's requests to timely file a federal petition and in failing to communicate with the client over a period of years in spite of the client's letters); *Hardy v. Quarterman*, 577 F.3d 596, 599-600 (5th Cir. 2009) (finding that equitable tolling was warranted

where petitioner suffered a significant state-created delay when, for nearly one year, the state

appeals court failed in its duty under Texas law to inform him that his state habeas petition had been

denied, petitioner diligently pursued federal habeas relief, and he persistently inquired to the court.);

*United States v. Wynn*, 292 F.3d 226, 230 (5th Cir. 2002) (finding that tolling was warranted when

defendant was deceived by attorney into believing that a timely motion to vacate was filed);

*Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999) ("A garden variety claim of excusable

neglect does not support equitable tolling.") (quotation omitted); *Fisher*, 174 F.3d at 715 (finding

that tolling is not justified during petitioner's 17-day stay in psychiatric ward, during which he was

confined, medicated, separated from his glasses and thus rendered legally blind, and denied

meaningful access to the courts); *Cantu-Tzin*, 162 F.3d at 300 (finding that State's alleged failure

to appoint competent habeas counsel did not justify tolling); *Davis*, 158 F.3d at 808 n.2 (assuming

without deciding that equitable tolling was warranted when federal district court three times

extended the deadline to file habeas corpus petition beyond expiration of AEDPA grace period).

Suggs has not presented, and the record does not demonstrate, any basis for extending the

extraordinary remedy of equitable tolling to the § 2244(d) calculation.  The record does not contain

any of the extraordinary circumstances previously recognized by the precedent cited above that

would warrant equitable tolling.  The record instead reflects that petitioner was not diligent in

pursuing federal habeas review in a timely manner.  There is no basis for equitable tolling here.[41]

---

[41]For the benefit of a reviewing court, the Court notes that the Supreme Court's holdings in *Martinez v. Ryan*, __ U.S. __, 132 S. Ct. 1309 (2012) and *Trevino v. Thaler*, __ U.S. __, 133 S. Ct. 1911 (2013), do not provide an excuse for Suggs's failure to timely file this federal petition.  In *Martinez*, the Supreme Court held that a <u>state imposed</u> "'<u>procedural default</u> will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the [State's] initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective.'"  *Trevino*, 133 S. Ct. at 1912 (quoting *Martinez*, 132 S. Ct. at 1320) (emphasis added).  The bar to review

For all of the foregoing reasons, Suggs's federal petition deemed filed on June 23, 2014, which was almost eight months after the one-year AEDPA filing period expired on October 31, 2013, is untimely filed and should be dismissed for that reason.

## VI.   Recommendation

For the foregoing reasons, it is **RECOMMENDED** that Suggs's petition for the issuance of a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 be **DISMISSED WITH PREJUDICE** for lack of jurisdiction, or in the alternative, transferred to the Fifth Circuit as a request for authorization.  Should the Court determine that jurisdiction exists, the petition should be dismissed as time-barred.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation **within fourteen (14) days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district

---

in this case is Suggs's failure to meet the <u>federal</u> limitations deadline under the AEDPA.  The *Martinez* and *Trevino* decisions do <u>not</u> address or provide an excuse for the untimely filing of a federal habeas petition.  *See*, *Arthur v. Thomas*, 739 F.3d 611, 631 (11th Cir. 2014) ("Thus, we also hold that the reasoning of the *Martinez* rule does not apply to AEDPA's limitations period in § 2254 cases or any potential tolling of that period."); *Smith v. Rogers*, No. 14-0482, 2014 WL 2972884, at * 1 (W.D. La. Jul. 2, 2014); *Falls v. Cain*, No. 13-5091, 2014 WL 2702380, at *3 (E.D. La. Jun.13, 2014) (Order adopting Report).  These cases also do not constitute new rules of constitutional law made retroactive on collateral review that would start a new one-year filing period under the AEDPA.  *See*, *In re Paredes*, No. 14-51160, 2014 WL 5420533, at *6 (5th Cir. Oct. 25, 2014) ("... the Supreme Court has not made either *Martinez* or *Trevino* retroactive to cases on collateral review, within the meaning of 28 U.S.C. § 2244."); *Adams v. Thaler*, 679 F.3d 312, 322 n.6 (5th Cir. 2012).  Neither *Martinez* nor *Trevino* offer Suggs any equitable or statutory relief from his untimely filing under the AEDPA.

court, provided that the party has been served with notice that such consequences will result from a failure to object.  *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996).[42]

New Orleans, Louisiana, this 27th day of January, 2015.

_____

**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**

---

[42]*Douglass* referenced the previously applicable ten-day period for the filing of objections.  Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.